IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLELL "JOHN" WINDHAM, III<br>*Plaintiff*<br><br>V.<br><br>DANIEL RICHARD, JR., AVIOR<br>LOGISTICS, LLC and HARRISON O.<br>OLULU, INDIVIDUALLY AND AS SOLE<br>PROPRIETOR OF AVIOR LOGISTICS,<br>LLC<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NUMBER 5:20-cv-451<br>JURY |

## DEFENDANTS', DANIEL RICHARD, JR., AVIOR LOGISTICS, LLC, AND HARRIZON OLULU, INDIVIDUALLY AND AS SOLE PROPRIETOR OF AVIOR LOGISTICS, LLC, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

PLEASE TAKE NOTICE that Defendants, DANIEL RICHARD, JR., AVIOR LOGISTICS, LLC, and HARRIZON OLULU, INDIVIDUALLY AND AS SOLE PROPRIETOR OF AVIOR LOGISTICS, LLC hereby file this Notice of Removal of Action Under 28 U.S.C. § 1441(a) to remove to this Court the state court action described below:

### BACKGROUND

1. Plaintiff is CLELL "JOHN" WINDHAM, III, a citizen of Texas residing in Bexar County, Texas.[1]

2. Defendant, AVIOR LOGISTICS, LLC has its primary place of business in Alabama. Defendants HARRIZON OLULU and DANIEL RICHARD, JR. are citizens of Alabama.

3. On or about February 25, 2020 the state action was filed in the 224th Judicial District Court, Bexar County, Texas under Cause 2020-CI-03791; *CLELL "JOHN" WINDHAM, III v. DANIEL RICHARD, JR., AVIOR LOGISTICS, LLC, AND HARRIZON OLULU, INDIVIDUALLY*

---

[1] *See* Plaintiff's Original Petition attached as Exhibit A.

*AND AS SOLE PROPRIETOR OF AVIOR LOGISTICS, LLC.* Defendants DANIEL RICHARD, JR., AVIOR LOGISTICS, LLC, AND HARRIZON OLULU, INDIVIDUALLY AND AS SOLE PROPRIETOR OF AVIOR LOGISTICS, LLC herein after "Defendants," file this Notice of Removal within thirty days of Defendants receiving notice of Plaintiffs' state court proceeding, as required by 28 U.S.C. § 1446 (b).

4. Plaintiff's Original Petition affirmatively asserts that he is seeking damages within the jurisdictional limits of the state court and not expressly limited to less than $75,000.[2] Therefore, Plaintiff's sought after damages appear to be in excess of $75,000 as required for this Court to have jurisdiction.[3]

5. Defendants have attached the required state court documents pursuant to 28 U.S.C. § 1446 (a).[4]

6. As for venue, venue is proper in this District, the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1446 (a) because this District and Division embrace the place where the removed action is pending.

7. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action is pending. Defendants made a demand for trial by jury in the state court action.

8. There is no named Co-Defendant in this action. Therefore, consent to removal from any other defendant is not required in this proceeding.

---

[2] *See* Plaintiff's Original Petition attached as Exhibit A.
[3] *See* 28 U.S.C. § 1332 and § 1441.
[4] State Court Documents attached as Exhibit B.

## BASIS FOR REMOVAL

9. The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between... citizens of different States."[5] As set forth, this Court has original jurisdiction over this civil action pursuant 28 U.S.C. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a) because:

    a. It is a civil action between a citizen of a State (Texas) and a corporation of (principal place of business) and citizens of a different State (Alabama); and

    b. It is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.[6]

### A. Diversity of Citizenship

10. A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been brought originally in Federal Court.[7] Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[8] Defendant was informed and believes that Plaintiff is at the time of filing this lawsuit, and still is, a citizen of the State of Texas. Defendant, AVIOR LOGISTICS, LLC has its primary place of business in Alabama. Defendants HARRIZON OLULU and DANIEL RICHARD, JR. are citizens of Alabama. Therefore, there is complete diversity of citizenship between Plaintiffs and Defendants.

### B. Amount in Controversy

12. Removal is proper when there is complete diversity of citizenship between the true

---

[5] 28 U.S.C. § 1332(a)(1); *see e.g., Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000).
[6] *See* Plaintiff's Original Petition attached as Exhibit A.
[7] 28 U.S.C. § 1332(a).
[8] 28 U.S.C. § 1332; *see e.g., Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996) (abrogated on other ground by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000) (overruling *Tapscott* on the issue of calculating the amount in controversy in class action suits).

parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest.[9]

13. In *De Aguilar v. Boeing Co.*,[10] the United States Fifth Circuit Court of Appeals held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy exceeds the jurisdictional amount.[11] The *De Aguilar* Court went on to hold that to remand to state court, the plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[12]

13. In determining whether the amount in controversy exceeds $75,000, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive damages.[13] Specifically, the court must consider penalties, statutory damages, and punitive damages in calculating the amount in controversy.[14]

16. As applied here, Defendants can meet their burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the language of Plaintiff's Original Petition.[15] As discussed above, Plaintiff's Original Petition affirmatively asserts that he is seeking damages within the jurisdictional limits of the state court and not expressly limited to less than $75,000[16] Therefore, the evidence is sufficient for Defendants to meet their burden to prove the amount in controversy removal requirement of $75,000.

## CONCLUSION

---

[9] 28 U.S.C. § 1332(a).
[10] 47 F.3d 1404 (5th Cir.1995).
[11] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.1995).
[12] *Id.*
[13] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–55 (5th Cir. 1998).
[14] *Id.*
[15] *See* Plaintiff's Original Petition.
[16] *Id.*

17. Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[17] Plaintiff is a citizen of the State of Texas and Defendants are not citizens of the State of Texas. Diversity of citizenship is clear from the pleadings and evidence.

WHEREFORE PREMISES CONSIDERED, based on the Petition, evidence and the diverse citizenships of the proper parties, this Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a).

Respectfully submitted,

GOLDMAN & PETERSON PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone: (210) 340-9800
Telecopier: (210) 340-9888
*E-Mail: mail@ljglaw.com
**service by e-mail to this address only**

By: _____/s/_____
LARRY J. GOLDMAN
"Attorney in Charge"
Federal Bar No. 341
State Bar No. 08093450
Larry@ljglaw.com
VINCENT P. VASQUEZ
Federal ID No. 2837841
State Bar No. 24066237
Vincent@ljglaw.com

ATTORNEY FOR DEFENDANTS, DANIEL RICHARD, JR., AVIOR LOGISTICS, LLC, AND HARRIZON OLULU, INDIVIDUALLY AND AS SOLE PROPRIETOR OF AVIOR LOGISTICS

---

[17] 28 U.S.C. § 1332(a); *Darden*, 200 F.3d at 755.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 9th day of April, 2020.

**Via E-Service**
Mr. Philip G. Bernal
JANICEK LAW
1100 NE Loop 410, Suite 600
San Antonio, TX 78209

/s/
LARRY J. GOLDMAN
VINCENT P. VASQUEZ

## VERIFICATION

STATE OF TEXAS        §
                     §
COUNTY OF BEXAR      §

BEFORE ME, the undersigned Notary Public, on this day personally appeared LARRY J. GOLDMAN, who being by me duly sworn upon his oath, deposed and stated that he is the attorney of record for DANIEL RICHARD, JR., AVIOR LOGISTICS, LLC, and HARRIZON OLULU, INDIVIDUALLY AND AS SOLE PROPRIETOR OF AVIOR LOGISTICS, LLC, Defendants in the above-entitled and numbered cause; that he has read the above NOTICE OF REMOVAL, and that the allegations contained therein are within his personal knowledge and are true and correct.

LARRY J. GOLDMAN, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 9th day of April, 2020, to certify which witness my hand and official seal.

SABRINA L. CHIN
MY COMMISSION EXPIRES
APRIL 1, 2023
NOTARY ID: 124460993

NOTARY PUBLIC
IN AND FOR THE STATE OF TEXAS